A. Clifford Edwards
Triel D. Culver
Philip McGrady
EDWARDS, FRICKLE & CULVER
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, Montana 59104
Telephone: (406) 256-8155
Fax: (406) 256-8159
triel@edwardslawfirm.org
philip@edwardslawfirm.org

Attorneys for Plaintiff Montana Camo, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MONTANA CAMO, INC., <br><br> Plaintiff, <br><br> v. <br><br> CABELA'S, INC., CABELAS.COM, INC., CABELA'S RETAIL, INC., and JOHN DOES I – X, <br><br> Defendants. | Case No: CV-08-71-BLG-RFC <br><br> **COMPLAINT FOR UNFAIR COMPETITION AND COPYRIGHT INFRINGMENT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Montana Camo, Inc. ("Montana Camo"), by

and through its attorney of record, Edwards, Frickle & Culver, and for its

Complaint against the Defendants, Cabela's, Inc., Cabelas.com, Inc., and Cabela's Retail, Inc., complains and alleges as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1. Montana Camo is a Montana state corporation, with its principal place of business in Victor, Montana.

2. Defendant Cabela's, Inc., is a Delaware corporation with its principal place of business in Sydney, Nebraska.

3. Defendant Cabelas.com, Inc., is a Nebraska corporation with its principal place of business in Sydney, Nebraska.

4. Defendant Cabela's Retail, Inc., is a Nebraska corporation with its principal place of business in Sydney, Nebraska.

5. Defendants John Does I – X are individuals or business entities unknown to Plaintiff at this time and therefore are sued by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the John Doe Defendants was in some manner legally responsible for the events, happenings, injuries, and damages alleged in this Complaint.

6. This is an action against Cabela's, Inc., Cabelas.com, Inc., Cabela's Retail, Inc. and John Does I –X (hereinafter collectively "Cabela's") for unfair competition and copyright infringement arising under the unfair competition and copyright laws of the United State, namely 15 U.S.C. § 1125 *et seq* and 17

U.S.C. § 101 *et seq.*, and the laws of the state of Montana relating to Montana's Uniform Trade Secrets Act, namely, Mont. Code Ann. § 30-14-401 *et seq.*, Montana's Unfair Trade Practices Act, namely, Mont. Code Ann. § 30-14-201 *et seq.*, and common law claims for trademark infringement, and unfair competition and deceptive trade practices.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action involves claims of unfair competition under 15 U.S.C. § 1125 *et seq.* and claims of copyright infringement under 17 U.S.C. § 101 *et seq.*

8. The Court has personal jurisdiction over Cabela's because it transacts business in this judicial district and Cabela's respective violations of 15 U.S.C. § 1125 *et seq.* and 17 U.S.C. § 101 *et seq.* are occurring in this judicial district.

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)-(c) because Cabela's is subject to personal jurisdiction in this district, and the violations of 15 U.S.C. § 1125 *et seq.* and 17 U.S.C. §101 *et seq.* occurred in this judicial district.

## II. FACTS

10. Montana Camo is in the business of selling camouflage clothing for hunting.

11.     Montana Camo's president, Mr. Clay Mathews, is an avid bow hunter. Bow hunting requires gaining close proximity to game animals. Based on his hunting experiences, Mr. Mathews recognized a need to improve traditional camouflage clothing. Mr. Mathews reviewed studies relating to how game animals "see" in the outdoors including university and government information concerning animal depth perception and color recognition in the wild. Because of these efforts, Mr. Mathews developed a unique line of camouflage clothing that used muted colors and vertical patterns in different ways when compared to camouflage clothing in use at the time.

12.     Montana Camo commenced selling the designs developed by Mr. Mathews under the "Montana Camo" brand name and other brands such as "The Open Country" and the "Ghost Camo" series of products (e.g., "Prairie Ghost," "Ridge Ghost," "River Ghost" and "Snow Ghost"). Montana Camo owns these brands and the designs created by Mr. Mathews.

13.     Cabela's claims to be the largest direct marketer and leading specialty retailer of hunting, fishing, camping and related outdoor merchandise in the United States. Cabela's is an integrated, multi-channel retailer offering its goods through its catalogs, web site and destination retail stores.

14.     Cabela's entered into a business relationship with Montana Camo in or about year 2000. At that time, Cabela's commenced selling Montana

Camo's branded products, including the camouflage designs created by Mr. Mathews. At that time, Cabela's sold other brands of camouflage clothing. However, Cabela's was not selling camouflage clothing under the "Cabela's" brand or any other brands owned by Cabela's. The Montana Camo products offered different patterns from the other brands sold by Cabela's at the time.

15. In or about year 2000, Montana Camo's total annual revenue was less than $100,000. From 2000 to approximately 2006, Montana Camo's annual revenue climbed to nearly 1.7 million dollars.

16. Cabela's reduced its purchases from Montana Camo during the years 2004 and 2005 and discontinued purchasing Montana Camo products in 2006. Montana Camo continued to distribute its products following the end of its relationship with Cabela's. However, Montana Camo's revenues declined significantly.

17. Unknown to Montana Camo, in 2003, Cabela's apparently made plans to launch its own proprietary brand of camouflage clothing. Cabela's chose to call its brand "Seclusion 3D." Cabela's also adopted use of Montana Camo's "Open Country" as a trademark for selling the Cabela's products.

18. During the course of the business relationship between Cabela's and Montana Camo, Cabela's acquired information from Mr. Mathews that included his methods and techniques for creating unique camouflage prints

Because of its business relationship with Montana Camo, Cabela's acquired certain supply chain information useful to Cabela's in producing its own line of camouflage clothing.

19. Cabela's is now using "Seclusion 3D" and "Open Country" as brands to sell camouflage clothing and related lines of products.

20. Cabela's is now advertising "Seclusion 3D" and "Open Country" as a unique line of products developed by Cabela's for bow hunting.

21. Cabela's had access to camouflage prints designed by Mr. Mathews for Montana Camo.

22. Cabela's copied one or more camouflage prints designed by Mr. Mathews for Montana Camo.

23. Cabela's used and is using the "Seclusion 3D" line of camouflage hunting clothing as a platform to sell other products having a unique camouflage print (e.g., pillows, nightshirts, campstools, etc.).

24. Cabela's is engaging in marketing efforts with the intent of generating large numbers of website visits to www.cabelas.com.

25. Cabela's is involved in website marketing efforts designed to divert to the Cabela's website any general web site searches made by consumers who are seeking to purchase "Montana Camo" products.

26. The Cabela's website has no "Montana Camo" products available for sale.

27. Consumers who use "Montana Camo" as a key word on the Cabela's website are directed to Seclusion 3D or other brands that are not supplied by Montana Camo.

### III. FIRST CLAIM FOR RELIEF
### (§43(a) of the Lanham Act)

28. Montana Camo incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

29. Cabela's use of "Open Country" as a brand or trademark is an infringement of Montana Camo's superior rights to use the same brand or mark for similar or identical goods.

30. In connection with the sale of "Seclusion 3D" line of camouflage products, Cabela's is making false or misleading statements of fact which in commercial advertising misrepresents the nature, characteristics, qualities, or geographic origin of Cabela's goods or commercial activities.

31. With respect to Cabela's diversion of "Montana Camo" Internet searches to www.cabelas.com, Cabela's is using Montana Camo's brand name in commerce to mislead consumers into using the Cabela's website for the purpose of purchasing other products, including "Seclusion 3D" and "Open Country" camouflage clothing. Because Montana Camo products are not available on the

Cabela's website, Cabela's diversion of web consumers is likely to cause them to be confused or mistaken into believing that there is an affiliation, connection or association of Montana Camo with Cabela's.

32. The above conduct has harmed and is harming Montana Camo in violation of 15 U.S.C. § 1125 *et seq.*

## IV. SECOND CLAIM FOR RELIEF
(Copyright Infringement)

33. Montana Camo incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

34. Many camouflage prints developed by Mr. Mathews on behalf of Montana Camo have been registered with the U.S. Copyright Office, including the camouflage print sold by Montana Camo as the "Prairie Ghost" line of camouflage products.

35. Cabela's had access to Montana Camo's "Prairie Ghost" and other prints developed by Mr. Mathews on behalf of Montana Camo.

36. Cabela's is selling camouflage clothing under the "Seclusion 3D" and "Open Country" brand names that use prints that are substantially similar to Montana Camo's "Prairie Ghost" and other prints.

37. The above conduct has harmed and is harming Montana Camo in violation of 17 U.S.C. § 101 *et seq.*

## V. THIRD CLAIM FOR RELIEF
### (Montana Uniform Trade Secrets Act)

38. Montana Camo incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

39. Montana Camo's supply chain and other business information are not disclosed to its competitors. Montana Camo was unaware that Cabela's intended to misappropriate Montana Camo's camouflage patterns and compete with Montana Camo. Montana Camo's supply chain and other business information derive independent economic value from not being generally known to and not ascertainable by other persons.

40. Cabela's used improper means to misappropriate Montana Camo's supply chain and business information to produce its own line of camouflage clothing in competition with Montana Camo. This conduct has harmed and is harming Montana Camo in violation of MCA § 30-14-401 *et seq.*

41. Cabela's misappropriation has been willful and malicious, therefore entitling Montana Camo to exemplary damages under MCA § 30-14-404(2).

## VI. FOURTH CLAIM FOR RELIEF
### (Montana Unfair Trade Practices Act)

42. Montana Camo incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

43. Cabela's misappropriation of Montana Camo's supply chain and business information to produce its own line of camouflage clothing in competition with Montana Camo combined with its website marketing efforts designed to divert to the Cabela's website any general web site searches made by consumers who are seeking to purchase "Montana Camo" products is an improper regulation of production of articles of commerce that prevents competition in the sale of merchandise in violation of MCA § 30-14-205.

44. This conduct has harmed and is harming Montana Camo in violation of MCA § 30-14-201 *et seq.*

45. Cabela's misappropriation has been willful and malicious, therefore entitling Montana Camo to treble damages and attorney fees and costs under MCA § 30-14-222.

## VII. FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement, and Common Law Unfair Competition and Deceptive Trade Practices)

46. Montana Camo incorporates the allegations in all previous paragraphs set forth above, as if fully set forth herein.

47. Cabela's use of Montana Camo's brands or trademarks constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of

Montana Camo unless restrained by this Court. Montana Camo has no adequate remedy at law for this injury.

48. On information and belief, Cabela's acted with full knowledge of Montana Camo's use of, and statutory and common law rights to, Montana Camo's brands or trademarks and without regard to the likelihood of confusion of the public created by Cabela's activities.

49. Cabela's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Montana Camo's brands or trademarks to the great and irreparable injury of Montana Camo.

50. As a result of Cabela's acts, Montana Camo has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Montana Camo is entitled to injunctive relief, to an accounting of Cabela's profits, to damages, and to costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of Montana Camo's brands or trademarks, and the need to deter Cabela's from similar conduct, Montana Camo additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Montana Camo requests the following relief:

a.     That the court find that Cabela's has violated 15 U.S.C. § 1125 *et seq.* and award Montana Camo compensation for its damages, all of Cabela's profits, and any other relief attributable to violation of 15 U.S.C. § 1125 *et seq.*;

b.     That the court find that Cabela's has violated 17 U.S.C. § 101 *et seq.* and award Montana Camo compensation for its damages, all of Cabela's profits, and any other relief attributable to violation of 17 U.S.C. § 101 *et seq.*;

c.     That the court find that Cabela's has violated MCA 30-14-401 *et seq.* and award Montana Camo compensation and any other relief attributable to violation of MCA 30-14-401 *et seq.*;

d.     That the court find that Cabela's has violated MCA 30-14-201 *et seq.* and award Montana Camo compensation and any other relief attributable to violation of MCA 30-14-201 *et seq.*;

e.     That Cabela's be permanently enjoined from further violations of 15 U.S.C. § 1125 *et seq.*, 17 U.S.C. § 101 *et seq.*, MCA § 30-14-201 *et seq*, and MCA § 30-14-401 *et seq.*;

f.     That Montana Camo be awarded attorney's fees and costs;

g.     That Montana Camo be awarded treble damages;

h.     That Montana Camo be awarded exemplary damages under MCA § 30-14-404(2);

    i.       That Montana Camo be awarded punitive damages under MCA § 27-1-221;

    j.       That Montana Camo be entitled to any additional damages or relief that may not be specifically stated above but is nevertheless permitted for violation of the statutes and laws pleaded herein; and

    k.      That Montana Camo be entitled to such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 23rd day of May, 2008.

                EDWARDS, FRICKLE & CULVER


                By:   /s/ Triel D. Culver
                      Triel D. Culver
                      Attorneys for Plaintiff