Robert C. Griffin
CROWLEY FLECK PLLP
Transwestern Plaza II
490 North 31st Street, Suite 500
Billings, MT 59101
Telephone: (406) 255-7275
Fax: (406) 256-0277
rgriffin@crowleyfleck.com

Alan Barry
Gregory Sitrick
K&L GATES LLP
70 West Madison, Suite 3100
Chicago, IL 60602
(312) 372-1121
alan.barry@klgates.com
gregory.sitrick@klgates.com

Attorneys for Defendants Cabela's, Inc., Cabelas.com, Inc.,
and Cabela's Retail, Inc.

FILED
BILLINGS DIV.

2009 AUG 26  AM 8 37

PATRICK E. DUFFY, CLERK

BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| MONTANA CAMO, INC., | ) | Case No. CV-08-71-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF POINTS** |
| vs. | ) | **AND AUTHORITIES IN** |
| | ) | **SUPPORT OF CABELA'S** |
| CABELA'S, INC., CABELAS.COM, | ) | **MOTION FOR PARTIAL** |
| INC., CABELA'S RETAIL, INC., and | ) | **SUMMARY JUDGMENT** |
| JOHN DOES 1-X, | ) | **DISMISSING COPYRIGHT** |
| | ) | **CLAIM** |
| Defendants. | ) | |

Defendants Cabela's, Inc., Cabelas.com, Inc., and Cabela's Retail, Inc. (Cabela's) respectfully submit this Memorandum in Support of Their Motion for Partial Summary Judgment Dismissing Plaintiff's Copyright Claim.

## INTRODUCTION

Cabela's is entitled to summary judgment on plaintiff's copyright claim because the undisputed facts show that:

(i) Plaintiff lacks standing because it is not the owner or exclusive licensee of the alleged infringed works;

(ii) Cabela's camouflage patterns were created and sold before two of plaintiff's patterns, Prairie Ghost Ultimate and Ridge Ghost Ultimate, and thus the Cabela's patterns could not have infringed these copyrights;

(iii) Plaintiff cannot prove copying, because the Montana Camo patterns depict naturally occurring objects and colors and are thus protected by only a thin copyright.  When viewed under the proper standard of law, it is undisputed that Cabela's camouflage patterns are not virtually identical to the plaintiff's patterns; and

(iv)  The plaintiff's copyright claim is barred by laches, because the plaintiff waited almost five years after it knew of the alleged infringement before filing suit, to the prejudice of Cabela's.

In addition, even if copying were proved, (i) plaintiff would not be entitled to statutory damages or attorneys fees, and (ii) it would only be entitled to actual damages from infringements occurring after May 23, 2005.   Therefore, for the following reasons, the Court should dismiss the plaintiff's copyright claims.

**BACKGROUND**

I.   **Montana Camo's Allegation**

On May 23, 2008, plaintiff filed a Complaint in the District of Montana generally alleging, among other things, that Cabela's camouflage patterns infringe its "Prairie Ghost" line of camouflage products.   Statement of Undisputed Facts ("SUF") ¶ 1.   Through the course of discovery, plaintiff's allegation has developed to include Prairie Ghost, Prairie Ghost Ultimate, Ridge Ghost, Ridge Ghost Ultimate, and Snow Ghost.   However, Mr. Clay Mathews, who is not a party to this case, is the owner listed for Copyright Registration Nos. VA 1-260-419 (Prairie Ghost Ultimate); VA 1-260-418 (Ridge Ghost Ultimate); and VAu 444-535 (Mountain Sage[1]).   SUF ¶ 2. Moreover, while Mr. Mathews testified that there

---

[1] Mountain Sage is also known as Prairie Ghost or Prairie Ghost Original and will be referred to as "Prairie Ghost."   SUF ¶ 11.

was an assignment assigning his rights in the copyrights to plaintiff, no written assignment is on record with the Copyright Office. SUF ¶ 3. Indeed, there is no written assignment transferring ownership from Mr. Mathews to plaintiff anywhere. SUF ¶ 4. Further, there are no Copyright Registrations for Ridge Ghost or Snow Ghost. SUF ¶¶ 5-6.

## II.   **Montana Camo's Alleged Camouflage Pattern Copyright Registrations**

Mr. Mathews Copyright Registration for his Prairie Ghost Ultimate (Reg. No. VA 1-260-419) pattern bears a first publication date of June 1, 2003 and an effective registration date of December 9, 2003, more than 6 months later. SUF ¶¶ 7, 12 and 13. Mr. Mathews Copyright Registration for his Ridge Ghost Ultimate (Reg. No. VA 1-260-418) pattern bears a first publication date of July 1, 2003 and an effective registration date of December 9, 2003, more than 5 months later. SUF ¶¶ 8, 15 and 16. Lastly, Mr. Mathews Copyright Registration for his River Ghost[2] (Reg. No. VA 1-241-973) pattern bears a first publication date of March 1, 2003

---

[2] Montana Camo has not accused any Cabela's patterns of infringing Mr. Mathews' River Ghost (Reg. No. VA 1-241-973) pattern. SUF ¶ 10.

and an effective registration date of December 10, 2003, more than 10 months later. SUF ¶¶ 9, 18 and 19.

For Mr. Mathews' Prairie Ghost Ultimate, Ridge Ghost Ultimate, and River Ghost Copyright Registrations, the time between the dates of their first publication date and effective date of registration are greater than three months. SUF ¶¶ 14, 17, and 20.

## III.   Cabela's Seclusion 3D Camouflage Patterns

Cabela's began its Seclusion 3D product line with the release of the "Seclusion 3D[3]" pattern in June of 2002. SUF ¶¶ 22 and 23. Cabela's "Seclusion 3D Open Country" pattern was completed in early 2003, and Cabela's print facilities began running the fabric on April 28, 2003. SUF ¶ 24. Cabela's printer's began running "Seclusion 3D Konifer" pattern fabric around the same time, April 21, 2003. SUF ¶ 25. Cabela's "Seclusion 3D Winter" pattern fabric was completed prior to July 2003. SUF ¶ 26. Soon thereafter, Cabela's sold its first

---

[3] The "Seclusion 3D" pattern is not accused of copyright infringement in this case. SUF ¶ 21.

garments in its Seclusion 3D Open Country, Seclusion 3D Konifer, and Seclusion 3D Winter patterns in July of 2003.  SUF ¶ 27.

## ARGUMENT

### I.     Summary Judgment Standard

The standards for summary judgment are governed by Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  When the moving party does not bear the burden of proof, summary judgment is warranted if there is of an absence of facts to support the non-moving party's case.   *Celotex,* 477 U.S. at 325; *see also Cloud Found'n, Inc. v. Kempthorne*, 546 F. Supp. 2d 1003 (D. Mont. 2008) (J. Cebull).

### II.    Copyright Claim

"A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"   *Funky Films, Inc. v. Time Warner Ent. Co.,* 462 F.3d 1072, 1076 (9th Cir. 2006).  The undisputed facts show that the plaintiff cannot prove either ownership or copying.  Moreover, plaintiff's copyright claim is barred by laches.  Therefore, Cabela's is entitled to summary judgment on plaintiff's copyright claim.

### A.     *Plaintiff does not own the copyrights at issue and therefore lacks standing to assert copyright claims*

Plaintiff has alleged that Cabela's has infringed registered copyrights in four camouflage patterns.   SUF ¶¶ 28-33.   According to the Copyright Registration certificates, Clay Mathews and not Montana Camo owns the copyrights in all of the patterns at issue.  SUF ¶ 2.  Mr. Mathews testified Montana Camo owns these copyrights, and that there was a written assignment to Montana Camo.  SUF ¶ 34. However, there is no evidence of the written assignment or any exclusive license agreement in the record.  SUF ¶¶ 3-4.  Therefore, plaintiff has no standing to bring a copyright claim in this action.  For this reason alone, plaintiff's copyright claims should be dismissed.

Only the "legal or beneficial owner of an exclusive right under a copyright" is entitled to sue for infringement "committed while he or she is the owner of it." 17 U.S.C. § 501(b).   Thus, "only copyright owners and exclusive licensees of copyright may enforce a copyright or a license." *Sybersound Records, Inc. v. UAV Corp.,* 517 F.3d 1137, 1144 (9th Cir. 2007).

A transfer of copyright ownership is invalid unless it is in writing.   17 U.S.C. § 204(a).  A "transfer of copyright ownership" includes an assignment or exclusive license, but not a nonexclusive license.  17 U.S.C. § 101.  Because there is no documentary evidence showing that Clay Mathew's copyrights were assigned or exclusively licensed to Montana Camo.  SUF ¶¶ 3-4.  Therefore, plaintiff does not have standing to assert any copyright infringement claims against Cabela's.

Standing is determined at the time of *filing* the lawsuit.  *Lujan v. Defenders of Wildife,* 504 U.S. 555, 571, 112 S. Ct. 2130, 119 L. Ed. 2d 351, n. 4 (1992). Therefore, claims for intellectual property infringement should be dismissed if the plaintiff lacked standing at the time the lawsuit was filed.  *See e.g., Sybersound,* 517 F.3d at 1144; *Nat'l Licensing Ass'n, L.L.C. v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1257–58 (E.D. Wash. 2004).  Because standing is jurisdictional, a standing problem cannot be cured by joinder of the proper party.  *Nat'l Licensing Ass'n,* 361 F. Supp. 2d at 1257-58.  Therefore, the plaintiff's copyright claims should be dismissed with prejudice.  *Sybersound,* 517 F.3d at 1142, 1154 (affirming denial of copyright infringement claims with prejudice).

### B.    *Cabela's Did Not Copy Plaintiff's Camouflage Patterns*

#### i.  Cabela's Allegedly Infringing Seclusion 3D Open Country Pattern and Seclusion 3D Konifer Pattern Were Created Before Prairie Ghost Ultimate and Ridge Ghost Ultimate Were Ever Published

Cabela's could not have infringed the Prairie Ghost Ultimate and Ridge Ghost Ultimate patterns with its Seclusion 3D Open Country and Seclusion 3D Konifer patterns respectively.  Indeed, plaintiff's own documents and Copyright Registrations belie its argument that the Seclusion 3D Open Country and Seclusion 3D Konifer patterns were copied from Prairie Ghost Ultimate and Ridge Ghost Ultimate.  Plaintiff's own documents show that the Seclusion 3D Open Country pattern had already been designed, finalized and printed to fabric that was being

sold to vendors as early as April 28, 2003.  SUF ¶ 24.  The first publication date

plaintiff listed in its Copyright Registration for Prairie Ghost Ultimate was June 1,

2003, over a month later.  SUF ¶ 12.

The same holds true for the Seclusion 3D Konifer pattern.  Plaintiff's own

documents show that the Seclusion 3D Konifer pattern had also already been

designed, finalized and even printed to fabric that was being sold to vendors as

early as April 21, 2003.  SUF ¶ 25.  The first publication date plaintiff listed in its

Copyright Registration for Ridge Ghost Ultimate was July 1, 2003, over a month

later.  SUF ¶ 15.  Accordingly, as a matter of law, Cabela's could not have copied

plaintiff.

### ii.  The plaintiff cannot prove copying because the depictions of western terrain in Cabela's camouflage patterns are not virtually identical to those in the plaintiff's

Applying the proper virtual identity test as the standard for evaluating the

similarity between copyrights, no reasonable juror could find that Cabela's accused

patterns infringe those of plaintiff.  A plaintiff may prove copying by showing that

the works in question are substantially similar in their protected elements and that

the infringing party had access to the copyrighted work.  *Rice v. Fox Broad. Co.,*

330 F.3d 1170, 1174 (9th Cir. 2003).  Because the plaintiff must prove both access

and substantial similarity, "summary judgment is appropriate if no reasonable juror

could find substantial similarity of ideas and expression."  *Funky Films,* 462 F.3d

at 1076 (quoting *Kouf v. Walt Disney Pictures and Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). Indeed, the Ninth Circuit has "frequently affirmed summary judgment in favor of copyright defendants on the issue of substantial similarity." *Funky Films*, 462 F.3d at 1077; *see also Kouf*, 16 F.3d at 1045-1046 (finding no substantial similarity as a matter of law).

To determine substantial similarity, courts apply a two-component test that contains an extrinsic and an intrinsic component. *Funky Films*, 462 F.3d at 1077. The extrinsic component "objectively considers whether there are similarities in *both* ideas and expression using external criteria." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994)(emphasis in original); *see also Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1474 (9th Cir. 1992). In applying the extrinsic test, courts "must distinguish between the protectable and unprotectable material because a party claiming infringement may place 'no reliance upon any similarity in expression resulting from unprotectable elements.'" *Rice,* 330 F.3d at 1174. In this regard, **the extrinsic component may use analytic dissection and expert testimony.** *Apple Computer,* 35 F.3d at 1442-1443. In contrast, the intrinsic component subjectively considers whether there is "similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance." *Id.* at 1442. **At summary judgment, courts apply only the extrinsic test.** *Funky Films,* 462 F.3d at 1077. A "plaintiff who cannot satisfy the

extrinsic test necessarily loses on summary judgment, because a jury may not find

substantial similarity without evidence on both the extrinsic and intrinsic tests."

*Kouf*, 16 F.3d at 1045 (citing *Brown Bag Software*, 960 F.2d at 1477).

"Under the merger doctrine, courts will not protect a copyrighted work from

infringement if the idea underlying the work can be expressed only in one way, lest

there be a monopoly on the underlying idea." *Ets-Hokin v. Skyy Spirits Inc.*, 323

F.3d 763, 765 (9th Cir. 2003) (quoting *Ets-Hokin v. Skyy Spirits Inc.*, 225 F.3d

1068, 1082 (9th Cir. 2000). In such an instance, it is said that the work's idea and

expression "merge." *Id.*  Similarly, when similar features of a work are "as a

practical matter indispensable, or at least standard, in the treatment of a given idea,

they are treated like ideas and are therefore not protected by copyright." *Id.* at 765-

766 (quoting *Apple Computer*, 35 F.3d at 1444); *see also Satava v. Lowry*, 323

F.3d 805, 810 (9th Cir.), *cert denied*, 540 U.S. 983 (2003)("[E]xpressions that are

standard, stock, or common to a particular subject matter or medium are not

protectable under copyright law.").

          a.    **Plaintiff's patterns depict naturally occurring objects and colors, and are thus entitled to protection only from virtually identical copying.**

In *Satava*, the plaintiff's and the defendant's works were both colorful,

lifelike sculptures of jellyfish, rendered in glass and encased in an outer layer of

clear glass.  323 F.3d at 807-809.  The Ninth Circuit reversed a preliminary

injunction obtained by the plaintiff, because the district court had failed to recognize that the plaintiff had only a thin copyright and was thus entitled to protection only from virtually identical copying. *Id*. at 812. The court observed that the plaintiff could not prevent others from depicting jellyfish with tendril-like tentacles or rounded bells, in bright colors, or in a vertical orientation, because all of these elements occur in nature or are common to other depictions of jellyfish. *Id*. at 811.

Accordingly, if a plaintiff's work **realistically depicts naturally occurring or commonplace objects, the plaintiff "possesses a thin copyright that protects against only virtually identical copying."** *Satava*, 323 F.3d at 812; *Ets-Hokin*, 323 F.3d at 766 (emphasis added). Like the jellyfish sculptures in *Satava*, plaintiff's camouflage patterns are realistic depictions of objects and colors from nature. SUF ¶ 35. Therefore, plaintiff's patterns are entitled to protection only from virtually identical copying. *See Satava*, 323 F.3d at 812. Otherwise, plaintiff would improperly have a monopoly on any camouflage pattern that depicts sage brush or evergreen foliage. *See id*. at 813 ("Congress did not intend for artists to fence off private preserves from within the public domain… *[Ideas of naturally occurring objects], first expressed by nature, are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them."*) (emphasis added).

b.      **The Cabela's patterns are not virtually identical to the plaintiff's patterns.**

It is undisputed that the Cabela's patterns are not virtually identical to the plaintiff's patterns. As shown by the expert report of Jim Crumley, the similar elements between the plaintiff's patterns and the Cabela's patterns are unprotectable features that necessarily flow from the parties' efforts to realistically depict western terrain. SUF ¶ 35.[4]

Two of the plaintiff's patterns, "Prairie Ghost" and "Prairie Ghost Ultimate," feature images of sagebrush and predominant colors of earth tone shades of brown. SUF ¶ 36. The flora and colors are dictated by the natural terrain that the camouflage is intended to mimic. SUF ¶ 37. "If it were determined that the visual effects that inevitably result from the combination of sage brush and muted earth tones could be controlled exclusively by Montana Camo, western sage camouflage would be effectively denied to the rest of the industry." SUF ¶ 37.

Cabela's "Seclusion 3D Open Country" and "Seclusion 3D Winter" patterns are not virtually identical to the Montana Camo Prairie Ghost and Prairie Ghost

---

[4] Despite having the burden of proof, plaintiff did not file a liability expert report on its copyright claims.

Ultimate patterns.   SUF ¶¶ 38-41.   Although both patterns include sagebrush, Cabela's depiction of sagebrush is **very** different from the depictions in the plaintiff's patterns.  *Id.*  For example:

- The sagebrush in the Prairie Ghost pattern appears to be hand drawn, while that in the Cabela's patterns is photorealistic.  SUF ¶ 42.





Prairie Ghost

Seclusion 3D Open Country

- The Prairie Ghost pattern incorporates seven distinct bouquets of sage, whereas the Cabela's patterns only have four distinct sage bouquets. SUF ¶ 43.



Prairie Ghost                          Seclusion 3D Open Country

- The sagebrush in the Prairie Ghost Ultimate pattern is of different sizes, shapes and densities than the sagebrush in the Cabela's patterns. SUF ¶ 44.





Prairie Ghost Ultimate                 Seclusion 3D Open Country

- The plaintiff's sage patterns include a gold-colored prairie grass that is not found anywhere in Cabela's patterns.  SUF ¶ 45.




- The colors used in plaintiff's patterns and the Cabela's patterns are different.  SUF ¶ 38-41.

Accordingly, the only similarities between plaintiff's sagebrush patterns and Cabela's sagebrush patterns are ones that necessarily and commonly result from the limitations of the western environment for which the patterns are designed. SUF ¶ 35-39.

Plaintiff's "Ridge Ghost Ultimate" pattern and Cabela's "Seclusion 3D Konifer" pattern both depict evergreen foliage rather than sage, but if anything are even less similar than the parties' sagebrush patterns. SUF ¶ 47.  For example:

- Plaintiff's Ridge Ghost Ultimate pattern contains long-leaf spruce boughs and spruce bark, while Cabela's pattern contains short-leaf evergreen boughs, small tree trunks and cones.  SUF ¶ 48.




Ridge Ghost Ultimate                    Seclusion 3D Konifer

- A single repeat of the Ridge Ghost Ultimate pattern contains two wide vertical tree trunks and two large dangling branches, whereas a repeat of Cabela's pattern contains five narrow vertical trunks and numerous small branches.  SUF ¶ 49.

- The Cabela's pattern has significant background shadows, whereas plaintiff's pattern has virtually no background shadows.  SUF ¶ 50.

- The two evergreen patterns have different colors.  SUF ¶ 51.

Accordingly, the only similarity between the parties' evergreen patterns is that they both depict evergreen foliage.  SUF ¶ 47.

Properly evaluated under the virtual identity test, it is readily apparent from a visual comparison of the parties' camouflage patterns, and the testimony of Cabela's expert Jim Crumley, that the plaintiff's and Cabela's patterns are not substantially similar.  Therefore, plaintiff cannot prove copying as a matter of law. *See Satava*, 323 F.3d at 812.  Because plaintiff cannot prove this essential element

of its copyright claim, Cabela's respectfully request the Court to grant Cabela's motion for partial summary judgment and dismiss the plaintiff's copyright claim.

### C.   *Montana Camo's Copyright Claim is Barred by Laches*

For many copyright infringement claims, the alleged violations are ongoing, *i.e.*, the wrongful acts commenced both before and during the limitations period. *See e.g.*, *Danjaq, LLC v. Sony Corp.*, 263 F.3d 942, 953-954 (9th Cir. 2001) (citing *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 821-22 (7th Cir. 1999)).  As such, the statute of limitations is conceivably, in some cases, only a bar to monetary relief for the period outside the statute of limitations.   *See* Section F below. Laches, however, bars the entire claim.

Indeed, the presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period.   To hold otherwise would "effectively swallow the rule of laches, and render it a spineless defense." *Danjaq*, 263 F.3d at 953; *see also Bridgestone/Firestone Research, Inc. v. Auto. Club De L'Ouest De La France*, 245 F.3d 1359, 1364 (Fed. Cir. 2001) ("[T]he theory of 'continuing wrong' does not shelter [a defendant] from the defense of laches."); *Hot Wax, Inc.*, 191 F.3d at 821-22 ("Without the availability of the application of laches to a claim arising from a continuing wrong, a party could, theoretically, delay filing suit indefinitely.   It would certainly be inequitable to reward this type of dilatory conduct....").

Therefore, the plaintiff cannot rebut the presumption of laches merely by showing the Cabela's sold the allegedly infringing patterns both before and during the limitations period. *Id.* Otherwise, any copyright owner could maximize its damages by waiting for a potential defendant to ramp up its allegedly infringing sales and pouncing when the alleged infringer is enjoying its success. *See Danjaq,* 263 F.3d at 951.

Furthermore, the relevant delay is the period from when the plaintiff knew or should have known of the allegedly infringing conduct. *Id.* at 952. This principle is grounded in the fact that laches penalizes inexcusable dilatory behavior. *Jarrow Formulas*, 304 F.3d at 838.

To demonstrate laches, Cabela's must prove both an unreasonable delay by the plaintiff and prejudice to itself. *Danjaq*, 263 F.3d at 951. It is undisputed that Montana Camo was aware of Cabela's alleged copyright infringement as early as January 1, 2004, over four years before filing suit. (SUF, ¶¶ 52-53.) Moreover, it is undisputed that Cabela's took actions that it would otherwise not have taken had Montana Camo timely brought its Copyright claims. *See Danjaq,* 263 F.3d at 955. Plaintiff waited for Cabela's to maximize its success with its camouflage products, so that the plaintiff could maximize its damage award. Such behavior warrants laches. Therefore, Montana Camo's copyright claim is barred by the doctrine of laches.

**D.   *Montana Camo is Barred From Obtaining Statutory Damages or Attorneys Fees from its Copyright Claim***

Generally, an infringer of a copyright is liable for either "(1) the copyright owner's actual damages…; or (2) statutory damages…" 17 U.S.C. § 504(a). However, in any action under the Copyright Act, "*no award of statutory damages or of attorneys fees*, as provided in sections 504 and 505, shall be made for…any infringement of copyright commenced after first publication of the work and before the effective date, *unless such registration is made within three months after the first publication of the work.*" 17 U.S.C. § 412 (emphasis added).

It is undisputed that the Prairie Ghost Ultimate Copyright Registration was first published on or before June 1, 2003 and has an effective date of registration of December 9, 2003, more than six months after publication. SUF ¶ 12-14. It is further undisputed that the Ridge Ghost Ultimate Copyright Registration was first published on or before July 1, 2003 and has an effective date of registration of December 9, 2003, more than five months after publication. SUF ¶ 15-17. Therefore, because the time between the publication dates and effective dates of registration of the Prairie Ghost Ultimate and Ridge Ghost Ultimate Registrations are greater than three months, plaintiff is barred from obtaining statutory damages and attorneys fees under the Copyright Act as a matter of law. *See* 17 U.S.C. § 412. Regardless of whether the Court reaches the ultimate issue on the copyright claims, Cabela's is entitled to summary judgment that statutory damages are

unavailable on plaintiff's Prairie Ghost Ultimate and Ridge Ghost Ultimate Registrations.

### E.    Montana Camo is Barred From Obtaining Damages From Cabela's Alleged Infringements Prior to May 23, 2005

A plaintiff may only maintain an action under the Copyright Act if "it is commenced within three years after the claims accrued." 17 U.S.C. § 507(b). The Ninth Circuit has reasoned that "[i]n a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of suit." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). The copyright plaintiff cannot, however, reach back beyond the three-year limit and sue for damages or other relief for infringing acts that he knew about at the time but did not pursue. *See id.* Thus, we have the general rule that "[a] plaintiff's right to damages is limited to those suffered during the statutory period for bringing claims...." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004). The prevailing view is that the statute bars recovery on any claim for damages that accrued more than three years before commencement of suit. *Roley*, 19 F.3d at 481.

In this case, plaintiff admits that it knew of Cabela's alleged infringement at least as early as 2003. SUF ¶¶ 52-53. Therefore, even if the plaintiff were able to prove infringement, Cabela's would only be liable for damages incurred during the

three years before the plaintiff filed suit on May 23, 2008.  Thus, Cabela's is entitled to summary judgment that damages are unavailable prior to May 23, 2005.

## CONCLUSION

For the foregoing reasons, Cabela's respectfully requests that the Court grant summary judgment that Montana Camo lacks standing and dismiss its Copyright Claims.  If the Court does not grant Cabela's motion on the basis of lack of standing, Cabela's respectfully requests the Court to hold that the virtual identity standard applies to plaintiff's copyright claim as a matter of law.  Furthermore, Cabela's respectfully requests the Court grant Cabela's Motion that its camouflage patterns are not virtually identical to plaintiff's patterns.  Further, Cabela's respectfully requests that the Court dismiss plaintiff's copyright claim because it is barred by laches.

Lastly, if plaintiff's copyright claims are not dismissed, Cabela's respectfully requests the Court hold as a matter of law that plaintiff is not entitled to statutory damages or attorneys fees and it is only entitled to actual damages for infringements occurring after May 23, 2005.

Dated this 24th day of August, 2009.

CROWLEY FLECK PLLP

By: _____
Robert C. Griffin
P. O. Box 2529
Billings, MT  59103-2529
Attorneys for Defendants

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 7.1(d)(2) of the U.S. District Court Rules, I certify that this Brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Word 2007 for Windows, is approximately 4134 and in any event not more than 6,500 words, excluding caption, certificate of service and certificate of compliance.

DATED this 24th day of August, 2009.

Robert C. Griffin
Attorney for Cabela's, Inc.,
Cabelas.com, Inc., and Cabela's Retail, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 24th day of August 2009:

[X] U.S. Mail
[ ] FedEx
[X] Hand-Delivery
[ ] Facsimile
[ ] Email
[ ] ECF Electronic filing

A. Clifford Edwards
Triel D. Culver
Philip McGrady
1601 Lewis Avenue, Suite 206
P.O. Box 20039
Billings, MT  59104

[X] U.S. Mail
[ ] FedEx
[ ] Hand-Delivery
[ ] Facsimile
[ ] Email
[ ] ECF Electronic filing

Bruce Kaser Vantage Law PLLC
355 NW Gilman Blvd., Suite 203
Issaquah, WA  98027
bruce@vantagelaw.net

Crowley Fleck PLLP
P.O. Box 2529
Billings, MT 59103-2529
Attorneys for Defendants