# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | | |
|---|---|---|
| **MONTANA CAMO, INC.,** | ) | |
| | ) | **Case No. CV-08-71-BLG-RFC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER GRANTING CABELA'S** |
| **CABELA'S, INC., CABELAS.COM,** | ) | **MOTION FOR SUMMARY** |
| **INC., CABELA'S RETAIL, INC., and** | ) | **JUDGMENT DISMISSING** |
| **JOHN DOES I-X,** | ) | **LANHAM ACT CLAIMS** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Montana Camo's Amended Complaint alleges various trademark infringement claims brought pursuant to § 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).  *Doc. 86*, ¶¶ 44-51.  Pending before the Court is Cabela's motion for summary judgment on those claims.  *Doc. 195*.

The Court's consideration of this motion has been made difficult because, as has happened throughout this case, Cabela's filed a motion for summary judgment against what it thought were Montana Camo's claims only to have Montana Camo concede the motion and assert their claims are entirely different than those described by Cabela's.  Indeed, although Montana Camo is not "litigating by ambush" as suggested by Cabela's because the substance of its claims have been

1

stated in discovery responses and summary judgment briefs, even if they were not clearly pleaded in the Amended Complaint, Montana Camo's claims have been a "moving target" throughout this case.

In the latest example, Cabela's initial brief argues the Amended Complaint pleads only three Lanham Act claims: (1) a § 43(a)(1)(A)[1] trademark infringement claim relating to Cabela's use of the term "Open Country;' (2) a §43(a)(1)(A) trademark infringement claim related to Montana Camo's allegations that Cabela's made unlicensed use of Montana Camo's federally registered "Prairie Ghost" and "River Ghost" trademarks; and (3) the plaintiffs' Lanham Act §43(a)(1)(B) false advertising claim. *Doc. 198, pp. 2-3.* According to Cabela's, Montana Camo's discovery response reveal that its false advertising claim had four components: (1) Cabela's use of the phrase Seclusion 3D Open Country; (2) Cabela's distribution of publications suggesting to the public that Cabela's is the only producer of sage pattern camouflage products; (3) Cabela's distribution of publications that imply that techniques employed in Montana Camo camouflage patterns are original to Cabela's brands; and (4) Cabela's use of "Montana Camo" and "Open Country" as sponsored links to divert potential purchasers of the plaintiffs' products to the Cabela's website. *Doc. 198, p. 4.*

---

[1]Section 43(a) of the Lanham Act is codified at 15 U.S.C. § 1125(a).

Montana Camo, on the other hand, responds that Cabela's is making up portions "2" and "3" of the false advertising claim and ignoring its § 43(a)(1)(A) claim alleging that Cabela's improperly placed Cabela's neck labels on the garments it made from Prairie Ghost Ultimate and River Ghost fabric. *Doc. 213, pp. 30-35.*

In light of this confusion, the best resolution is to address the validity of all Lanham Act allegations mentioned in the briefing related to the instant motion. Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  Assuming adequate time for discovery and an appropriate motion, Rule 56 mandates summary judgment against a party who fails to establish an essential element of its case, on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  As the parties are familiar with the facts of the case, they will be repeated here only as necessary.

First, the Court has already determined that Montana Camo abandoned its "Open Country" trademark. *Doc. 138.*  Accordingly, there are no remaining Lanham Act claims relating to the term "Open Country."

Second, to the extent Montana Camo alleges a "reverse passing off" claim relating to (1) Cabela's placement of its own neck labels on the garments it created from Montana Camo fabric, or (2) Cabela's advertising of these garments as Cabela's or Cabela's Montana Camo Ghost Series, those claims must be denied for the same reason the analogous copyright infringement claim denied. *See Doc. 265.*

"Reverse palming off" or "reverse passing off" is falsely representing that another's product is one's own in an attempt to deceive potential buyers. *Black's Law Dictionary* 1233, (Garner ed., 9th ed., West 2009) ("passing off"); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 23, 27, n.1. (2003) (Reverse passing off occurs when the producer misrepresents someone else's goods or services as his own). Montana Camo claims this is a "classic example of reverse palming off–where one party's label is removed and replaced with the label of another party." *Doc. 213, p. 33.* Cabela's, however, argues its conduct is not reverse palming off because it is the producer of the finished garments–it merely put its own labels on garments it made.

As noted in this Court's recent Order dismissing copyright claims (*Doc. 265*), the parties entered into an agreement in late 2003 through which Cabela's would purchase raw Prairie Ghost Ultimate and River Ghost fabric from Montana

4

Camo and cut and sew its own jackets, 6-pocket pants, and 7-button shirts.
Although Montana Camo claimed Cabela's was supposed to put Montana Camo
neck labels on these garments, this was not part of the agreement because the
parties never discussed neck labels.  Consistent with it being the manufacturer of
the garments, Cabela's put its own neck labels on them and advertised them as
"Cabela's Montana Camo Ghost Series."  Consistent with its use of Montana
Camo fabric, Cabela's put Montana Camo hangtags on the garments.   As opposed
to a neck label, which is sewn on the back of the collar on the inside of the
garment and typically depicts the logo of the garment manufacturer, a hangtag is
usually applied to the sleeve or zipper of a garment and depicts a particular
proprietary technology utilized in the garment, such as "Gore-Tex," "Scent-Lok,"
or "Montana Camo Ghost Series."

    In the end, Montana Camo's claim that Cabela's removed the Montana
Camo neck labels in favor of the Cabela's neck label is hyperbole.  Montana Camo
provides no authority for the proposition that there can be a likelihood of
confusion, mistake, or deception as to the origin, sponsorship or approval of
goods, where a company puts its own label on products it has made.  15 U.S.C. §
1125(a)(1)(A).  Similarly, since it made the goods, Cabela's advertising depicting
the garments as Cabela's or Cabela's Montana Camo Ghost Series was not a

5

misrepresentation.  15 U.S.C. § 1125(a)(1)(B).  Although in hindsight Montana

Camo may not be happy with the licensing agreement that it entered into, Cabela's

actions were not inconsistent with the licensing agreement.  Montana Camo made

its bed with this licensing agreement and now it has to lay in it.  For those reasons,

any Lanham Act claims relating to Cabela's neck labels are dismissed, as are any

Lanham Act claims relating to advertising depicting the products Cabela's created

with as "Cabela's Montana Camo Ghost Series."

Third, Montana Camo has conceded it is not alleging false advertising

claims related to Cabela's distribution of publications (1) suggesting Cabela's is

the only producer of sagebrush camouflage products or (2) implying that the

techniques used by Montana Camo are original to Cabela's brands.  *Doc. 213, pp.*

*32-33*.

Fourth, any Lanham Act claims relating to Cabela's purchase of sponsored

links for the term "Montana Camo" also fail.  To the extent Montana Camo alleges

a § 1125(a)(1)(B) false advertising claim relating to the sponsored link, Montana

Camo will be unable to prove the first element, that Cabela's made false

statements of fact in its advertising about its own or another's product.  *Cook,*

*Perkiss and Liehe, Inc. v. N. Cal. Collection Serv.*,  911 F.2d 242, 244, n.2 (9th

Cir. 1990).  Specifically, the purchasing of a sponsored link is not a statement of

fact.  Further, considering that Montana Camo products were sold on Cabela's website, it was not a false statement of fact.

Finally, to the extent Montana Camo alleges a 15 U.S.C. § 1125(a)(1)(A) unfair competition claim relating to the purchase of "Montana Camo" as a sponsored link, that claim is also meritless.  The plain language of § 1125(a)(1)(A) requires the likelihood of confusion, mistake, or deception as to the origin of the goods.  The only claim of confusion, mistake, or deception supplied by Montana Camo is a conclusory statement in one of Clay Matthews's declarations. Specifically, Matthews avers that "Montana Camo had ongoing confusion with its customers from the time the problem arose with Cabela's selling its 'Open Country' product.  Montana Camo had to explain the 'Ghost' patterns were ours and the 'Open Country' pattern was Cabela's."   Aff. of Clay Matthews, ¶ 6 (August 16, 2010), attached as Ex. E to *Doc. 214, ¶ 79.*  First of all, there is not even an allegation that this confusion was caused by Cabela's purchase of a sponsored links for "Montana Camo."  More importantly, as noted in prior Orders in this case, the party opposing summary judgment cannot rely on conclusory allegations unsubstantiated by factual data to create a genuine issue of material fact.  *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir. 1993).

There being no genuine issues of material fact and Cabela's being entitled

to judgment as a matter of law, Count I of the Amended Complaint is dismissed.

Dated this 23rd day of February, 2011.

_/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge

8